**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE: | Chapter 11, Subchapter V |
| O & A Enterprises, LLC, | Bankruptcy No. 22-00295 |
| Debtor-in-Possession. | THIRD EX PARTE MOTION TO CONDUCT RULE 2004 EXAMINATIONS |

COMES NOW the Debtor-in-Possession, O & A Enterprises, LLC ("Debtor" or "O & A") through its undersigned counsel, and hereby respectfully requests this Court allow it to conduct a Rule 2004 examinations in the above-captioned bankruptcy. For reasons set forth below, O & A is requesting permission to obtain documents from, examine, and issue subpoenas to Coinbase. In support thereof, Debtor submits the following:

## Jurisdiction and Statutory Justification

1. This Court has jurisdiction over this matter under to 28 U.S.C. § 1334. Venue is proper in this District under 28 U.S.C. §§ 1408 & 1409. Consideration of this motion is a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is Fed. R. Bankr. P. 2004.

2. Rule 2004 provides that, upon a motion of a party in interest, the Court may order the examination of any entity concerning "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b).

3. Rule 2004 is intended to give parties in interest an opportunity to examine those persons possessing knowledge of a debtor's acts, conduct or financial affairs and provides "all interested parties with a mechanism for the investigation and reconstruction of the debtor's affairs." *In re Isis Foods, Inc.,* 33 B.R. 45, 46 n.2 (Bankr. W.D. Mo. 1983) (citation omitted).

4. As the United States Bankruptcy Court for the Northern District of Indiana was held:

    Rule 2004 allows for the court to authorize the examination of any entity on the motion of any party in interest. Fed. R. Bankr. P.

> Rule 2004(a). The scope of such an examination is quite broad, relating to just about anything that deals with the debtor's actions, assets, liabilities or financial affairs, its right to a discharge, or any matter affecting the administration of the bankruptcy estate. Fed. R. Bankr. P. Rule 2004(b). It can be as simple as where are the keys to the filing cabinet or as complex as what happened to the money? It may also be used to examine "creditors and third parties who have had dealings with the debtor."

*In re Sheetz,* 452 B.R. 746, 747-48 (Bankr. N.D. Ind. 2011) (quoting *Matter of Wilcher,* 56 B.R. 428, 433 (Bankr. N.D. III. 1985)). Examinations under Rule 2004 are subject only to the relevancy test of Fed. R. Civ. P. 26 and may legitimately be fishing expeditions. *Chereton v. U.S.,* 286 F.2d 409, 416 (6th Cir. 1961) (citing *In re Forest,* 93 F. 190 (S.D.N.Y. 1899)); *see generally* 1 Bankr. L. Manual (5th ed.) § 3.21 at n.34 (citing cases broadly construing scope of Rule 2004 examinations).

5. Fed R. Bankr. P. 2004(c) authorizes the use of subpoenas as provided in Fed. R. Bankr. P. 9016, which incorporates Fed. R. Civ. P. 45's rules on subpoenas.
6. Other courts allow motions to conduct Rule 2004 examinations to be considered and granted *ex parte. See, e.g., Sheetz,* 452 B.R. at 748 (allowing consideration of Rule 2004 motions *ex parte* since, when such motions are correctly used and implemented, orders granting them do not require anything of the other party, and any disputes that might arise can be handled under now-Fed. R. Civ. P. 45(d)'s objection procedures) (citations omitted).
7. The Debtor is entitled to conduct Rule 2004 examinations via subpoenas to produce documents, allow premise inspections, and sit for depositions to investigate the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b).

## Background

8. Debtor filed its Chapter 11 Subchapter V bankruptcy on March 27, 2022, being the last day of the pandemic debt limit of $7.5 million. Due to circumstances beyond his control and described herein, managing member Johan Aerts did not know if the debt limit would exceed the pre-pandemic limit of $2,725,625.00.

9. The Background Statement by Manager of Debtor (Doc. 13) filed March 31, 2022 gives a detailed synopsis and timeline of the breakdown in the business partnership of O & A members Eric O'Leary (hereinafter "O'Leary") and Johan Aerts (hereinafter "Aerts").

## Newly Discovered Coinbase Transactions

10. In December 2021 and January 2022 O'Leary caused O & A to borrow hundreds of thousands of dollars from merchant cash advance lenders Mulligan Funding, Bluevine Capital, OnDeck Capital, Samson Horus, and The Fundworks. Within 24 hours of those funds being deposited in O & A's bank accounts O'Leary transferred a total of $465,000.00—almost entirely these borrowed funds—to a non-O & A account. O & A has used this Court's prior Rule 2004 authorization to learn that this account was an O'Leary personal account and that shortly after these funds made it to that account they were wired to Coinbase, a cryptocurrency exchange.
11. Prior to December 2021 O'Leary also transferred thousands of dollars from his personal accounts to Coinbase. O & A believes that some or all of this money may be traceable to funds O'Leary improperly took from it. Moreover, in November and December 2021 O'Leary moved hundreds of thousands of dollars, from a TD Ameritrade account or accounts, suspected to be retirement accounts he funded with funds he improperly took from O & A, through his checking account and out to parts unknown, in transactions that look similar to those used to transfer the $465,000.00. All of these transfers are separate from the transfers described in ¶ 10.
12. Debtor wishes to further trace the $465,000.00 O'Leary embezzled from O & A and the other funds he may have improperly taken from O & A.

WHEREFORE the Debtor-in-Possession respectfully requests this Court grant this *ex parte* Motion for Rule 2004 Examination by entering an order authorizing Ag & Business Legal Strategies, as Debtor's counsel, to issue subpoenas for Rule 2004 examinations to Coinbase, and grant such other relief as is just and equitable given the circumstances.

Dated this 2nd day of February, 2023.

              Respectfully submitted,

              AG & BUSINESS LEGAL STRATEGIES

              /s/ Austin Peiffer
              Austin J. Peiffer AT0014402
              P.O. Box 11425
              Cedar Rapids, Iowa 52410-1425
              Telephone: (319) 363-1641
              Fax:   (319) 200-2059
              Email:  austin@ablsonline.com
              ATTORNEY FOR DEBTOR-IN-POSSESSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2nd day of February, 2023, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Southern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF system.

              Signed: /s/ Leah M. Watson